Aron Steuer, J.
On this motion for summary judgment the version of the transaction contended for by the defendants will be adopted. One Irving Jaffee was the owner of all the stock of Scrip to Israel, Inc. The individual defendants were the owners of all the stock of defendant Overseas Distributors Exchange, Inc. The first corporation will be referred to as “Scrip” and the second as “Overseas”. Overseas wanted to purchase all the assets of Scrip. In the course of negotiations Jaffe insisted that the agreement of purchase and sale take the form of two agreements, namely, one for the purchase of the physical assets, which agreement would be between Scrip and Overseas, and one for the purchase of the stock, which would be between Jaffe and Overseas. Twenty thousand dollars was fixed as the price of the stock payable by four promissory notes of $5,000 each, payable one month apart, the last to be nonnegotiable and to be indorsed by the individual defendants. Three notes have been paid.- The last, assigned to the plaintiff, is the subject of the cause of action involved in this motion. The price fixed for the physical assets was the result of individual prices to items in a large inventory. Payment was a rather complicated provision dependent on outstanding certificates issued by Scrip and the extent of its obligations abroad. It is defendants’ contention that allowance was made in the agreement for the $20,000 paid for the stock. Defendants also contend that the last note was not to be paid until the final balance was determined between the corporations. It is true that plaintiff agreed to join in arbitration to determine this figure. The arbitration by mutual consent was abandoned.
None of these facts show a defense. They do show the reasons for two agreements rather than one, but that does not mean that in legal contemplation the agreements should be regarded as one. There was an obvious purpose in having two, and merely because that purpose was to benefit only one party, the other cannot disregard it any more than they could disregard any other term inserted for the benefit of the other party. Defendants do not assert that they have overpaid. All that they allege is that a final accounting on the other contract has not been had, and a right to await that accounting. No such right is *180 indicated even if the agreements are regarded as one. If so, the note would be the equivalent for a payment due at a date certain. There is nothing express or implied in either writing which provides for a postponement of that date. The motion is granted.